LONNIE A. BREINER, APPELLEE, v. TED OLSON, APPELLANT.

237 N. W. 2d 644

Filed January 22, 1976. No. 40112.

Nelson, Harding, Marchetti, Leonard & Tate and Alan L. Plessman, for appellant.

Patrick J. Heaton, Jr., for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from a judgment of the District Court for Holt County, Nebraska, affirming a judgment of the county court of that county.

The action arose from a contract of employment by which the appellee had performed services for the appellant for the years 1969 through August 14, 1972. The record shows that the parties made an initial oral agreement for the employment of appellee as a farm manager upon the appellant's farms with compensation to appellee of a salary, pick-up rental, and a place to live. In subsequent years, new agreements were made and when operations began to include custom farming, the

appellee was also granted a commission on the amounts thus earned. No specific agreements were ever made for the payment of annual bonuses to appellee although the appellant did pay annual bonuses in the amounts of $1,200, $1,523, and $1,800 during the years 1969, 1970, and 1971. Appellant discharged the appellee on August 14, 1972, and, shortly thereafter, appellee brought action for the amounts claimed by him to be due for his services. In his petition, he alleged an oral contract of employment under which he was to be paid a salary of $525 per month, pick-up rental of $130 per month, commission on custom-farming of 10 percent of the amounts charged, and a bonus for the year 1972 of $3,000. The amounts due for salary, pick-up rental, and commission were stipulated between the parties and judgment entered for such amounts. Although appellee pleaded that he was discharged without cause, he did not allege or prove any damage arising from wrongful discharge. The allegation and prayer concerning the bonus was subsequently amended by appellee to claim the sum of $2,000, as being the amount earned during two-thirds of the year. The appellant denied that he had ever made any promise to pay appellee a bonus.

Appellee testified that for the year 1972, his salary remained at $525 per month and his pick-up rental was increased by $25 to $130 per month, and that at a later time, when discussing additional operations, he asked for more money, "something like $3,000" and an additional tractor, to which appellant replied "you do the work and we will get along—no problem." Appellant testified that he had never discussed or promised to pay a bonus of $3,000 and that during the previous 3 years, he had made a determination of an appropriate bonus for appellant in view of general operations and yields for the year under consideration. For reasons which are not clear from the record, the trial court found that the amount of $1,320 was due appellee for "earned bonus."

There was no allegation or proof to support any right of recovery upon a theory of quantum meruit. The evidence was insufficient to establish any promise to or acceptance by the appellee; the contract between the parties did not extend to an obligation to pay a bonus and appellee may not recover this item. Ely Constr. Co. v. S & S Corp., 184 Neb. 59, 165 N. W. 2d 562 (1969). See, also, Annotation, 43 A. L. R. 3d 503, at 507.

The contract is severable, both by its terms and the theory of the parties. Judgment was properly entered for the items and amounts stipulated between the parties. Such judgment is modified to show a finding and judgment in favor of appellant as to any bonus and will be affirmed as to the remainder thereof.

AFFIRMED AS MODIFIED.

BOSLAUGH, J., dissents.